MATALON & SHWEKY P.C.
Joseph Lee Matalon (JM-6117)
Barbara R. Shweky (BRS-7200)
450 Seventh Avenue, Suite 1409
New York, New York 10123
(212) 244-9000
*Attorneys for Third-Party Plaintiff*
*Sutton Creations, Inc.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------------X

**GRANVIA TRADING LTD.,**

                               **Plaintiff,**

-against-

**SUTTON CREATIONS, INC.**
**d/b/a SUTTON CREATIONS,**

                               **Defendant.**
-------------------------------------------------------------------------X
-------------------------------------------------------------------------X

**SUTTON CREATIONS, INC.,**

                               **Third-Party Plaintiff,**

      -against-

**GALIHAD ENTERPRISES LTD., BURLINGTON COAT**
**FACTORY WAREHOUSE CORPORATION,**
**SHERRY MILKEY, and DEVIN INDUSTRIES, LLC,**

                               **Third-Party Defendants.**
-------------------------------------------------------------------------X

08 CV 00580 (LBS)

**THIRD-PARTY COMPLAINT**

1

Third-Party Plaintiff Sutton Creations, Inc. by its attorneys, Matalon & Shweky P.C., for its Third-Party Complaint, alleges:

## INTRODUCTION

1. Third-party plaintiff Sutton Creations, a clothing manufacturer, has been sued in the main action by Granvia Trading Ltd., an agent of an overseas factory, for breach of contract for failing to accept merchandise that was produced for Burlington Coat Factory, an apparel retailer. Sutton Creations denies liability. As discussed below, however, if Sutton Creations is found liable, third-party defendant Galihad Enterprises Ltd. must share in the loss because Sutton Creations and Galihad formed a joint venture in respect of the transactions at issue. In addition, Burlington Coat Factory, acting through a Vice President and Divisional Merchandise Manager, placed orders for the merchandise at issue, but later refused to accept the merchandise. Accordingly, Burlington is sued herein for breach of contract. In refusing to accept the merchandise, Burlington has stated that the purchase orders were not generated through its normal procurement processes, and has therefore suggested that the orders were issued as part of a fraudulent scheme between its Vice President, and the individual who brought the orders to Sutton Creations, third-party defendant Sherry Milkey, employed by Devin Industries (also a third-party defendant). If that is the case, and Burlington is thereby relieved of liability, then Milkey and Devin are liable for fraud in representing to Sutton Creations that the Burlington orders were valid and legitimate.

## PARTIES

2. Sutton Creations is a New York corporation with its principal place of business In New York, New York.

3. Upon information and belief, Galihad Enterprises Ltd. ("Galihad") is a New York corporation with its principal place of business in New York, New York.

4. Upon information and belief, Burlington Coat Factory Warehouse Corporation ("Burlington") is a Delaware corporation with its principal place of business in Burlington, New Jersey.

5. Upon information and belief Sherry Milkey is an individual residing in the Commonwealth of Pennsylvania. Upon information and belief, at the times mentioned herein Milkey was a principal of Devin Industries Inc.

6. Upon information and belief, Devin Industries, LLC is a limited liability company formed under the laws of New York and has its principal place of business in New York, New York

## JURISDICTION

7. This court has supplemental jurisdiction over this third-party action pursuant to 28 U.S.C. 1367(a).

8. In addition, there is diversity of citizenship as between third-party plaintiff Sutton Creations, and third-party defendants Burlington and Milkey, and the amount in controversy exceeds the statutory threshold. This Court therefore also has subject matter jurisdiction

pursuant to 28 U.S.C. 1332 in connection with the dispute between Sutton Creations and Burlington, and Sutton Creations and Milkey.

## FACTS

9. In early May 2007, Sherry Milkey of Devin Industries contacted Sutton Creations, a clothing manufacturer, to see if Sutton Creations was interested in fulfilling purchase orders for outerwear (jackets and coats) issued by Burlington, a national apparel retailer, for the Fall 2007 season. Sutton Creations was an approved Burlington vendor and had previously done business with Burlington. Milkey sought a commission for having procured the orders from Burlington.

10. At that time, Milkey forwarded emails to Sutton Creations sent by Tara Newhall, a Vice President and Divisional Merchandise Manager of Burlington, to Milkey, which contained the purchase orders. The orders contained a description of the merchandise, the quantities, and purchase price of the goods, $811,500.00.

11. Milkey represented to Sutton that these were legitimate, firm orders. On their face, the orders appeared as such. In proceeding as described below, Sutton reasonably relied on those representations.

12. Although, as noted, Sutton was an approved Burlington vendor, it did not have sufficient experience in the specific type of merchandise ordered by Burlington herein. Third-party defendant Galihad, however, did have experience, knowledge and contacts to make these goods, but did not have the credit necessary to contract with a factory for the manufacture of the goods. Accordingly, Sutton and Galihad formed a joint venture to fulfill the orders.

13. Galihad's role, among other things, was to locate a factory to manufacture the goods and to oversee the manufacturing process. Sutton Creations' role, among other things, was to provide the credit facility necessary to contract for the manufacturing, which contract would formally be in Sutton Creations' name. Sutton and Galihad agreed to split the profits from the sale of the merchandise to Burlington, after deduction of Milkey's commission. Similarly, Sutton Creations and Galihad agreed to split any losses arising from the joint venture.

14. Galihad arranged for plaintiff Granvia to manufacture the goods. At or near the completion of the goods, Granvia provided samples which were given to Milkey, who in turn was supposed provide them to Burlington to initiate the delivery and payment processes. Milkey, however, failed to obtain the required information and confirmations from Burlington, then evaded Sutton Creations' inquiries, and then stopped communicating with Sutton Creations altogether.

15. Milkey having essentially disappeared, in or about October 2007 Sutton Creations contacted Burlington directly in an effort to complete the delivery and payment process. Burlington asserted that it had no knowledge of the orders would not assume responsibility for them. Burlington claimed that the orders were not generated in the ordinary course of business at Burlington, and suggested that the orders were fraudulently generated.

16. Because Burlington refused to accept delivery of or to pay for the orders, Sutton Creations did not import the merchandise that was manufactured by Granvia for Burlington. That gave Granvia an opportunity to dispose of the goods to mitigate its losses, but apparently Granvia did nothing with the goods.

17.     Granvia has now sued Sutton Creations in the main action.  Sutton Creations, in turn, sues its joint venture partner, Galihad, to share in any losses; sues Burlington for breach of contract, as Burlington is bound by purchase orders issued by its Vice President; and sues Milkey and her company Devin Industries for fraud if it turns out that, contrary to their representations, the purchase orders are not valid and legitimate.

## **FIRST CLAIM FOR RELIEF**
### (Against Galihad For Breach Of Joint Venture Agreement)

18.     Third-party plaintiff repeats and realleges the foregoing allegations as if set forth herein.

19.     Sutton Creations and Galihad formed a joint venture for the purpose of making a profit on the fulfillment of the orders issued by Burlington.

20.     Sutton Creations and Galihad agreed to be associated as joint venturers.  They each made contributions toward the joint undertaking, and each had some control over the joint enterprise.

21.     In addition, the joint venturers agreed to share in the profits and losses from their undertaking.

22.     After Sutton Creations was sued in the main action, Sutton Creations contacted Galihad in an effort to have Galihad take responsibility for its share of any losses, including judgments (or settlements) and attorneys' fees.  Galihad, however, refused to accept responsibility and left Sutton Creations to deal with this matter on its own.

23. Accordingly, Galihad is in breach of the parties' joint venture agreement and must account for its share of any losses sustained by Sutton Creations herein, including defense costs.

## SECOND CLAIM FOR RELIEF
### (Against Galihad For Breach of Fiduciary Duty)

24. Third-party plaintiff repeats and realleges the foregoing allegations as if set forth herein.

25. As Sutton Creation's co-venturer, Galihad owes Sutton Creations fiduciary duties, including an obligation to treat Sutton Creations with the utmost good faith and loyalty.

26. By refusing to take responsibility for its share of the losses incurred by the joint venture, Galihad has breached its fiduciary duties owed to Sutton Creations.

27. Thus, apart from compensatory damages and an accounting, punitive damages should be imposed on Galihad for breaching its fiduciary duties.

## THIRD CLAIM FOR RELIEF
### (Against Burlington For Breach Of Contract)

28. Third-party plaintiff repeats and realleges the foregoing allegations as if set forth in full herein.

29. Upon information and belief, In May 2007 Tara Newhall was a Vice President and Divisional Merchandise Manager of Burlington. As such, she had the actual and apparent authority to issue purchase orders on behalf of her employer.

30. Burlington, acting through Ms. Newhall, issued purchase orders in or about April 2007 for specified merchandise for the Fall 2007 season.

31. The joint venture formed by Sutton Creations and Galihad fulfilled the purchase orders by arranging for the manufacturing of the goods ordered by Burlington.

32. When it came time to accept delivery of and to pay for the goods, Burlington wrongly denied that the purchase orders were valid or legitimate. Indeed, they suggested that the orders were fraudulent.

33. Accordingly, Burlington refused to accept delivery of or to pay for the goods.

34. By reason of the foregoing, Burlington is in breach of contract and must pay to Sutton Creations the full purchase price, $811,500, plus incidental and other damages.

### FOURTH CLAIM FOR RELIEF
**(Against Devin Industries And Milkey For Fraud)**

35. Third-party plaintiff repeats and realleges the foregoing allegations as if set forth in full herein.

36. Milkey, acting on behalf of herself and/or her entity, Devin Industries, provided Sutton Creations with documents that she represented were firm and legitimate purchase orders from Burlington.

37. In forming a joint venture with Galihad to produce the goods for Burlington, Sutton reasonably relied on Milkey's representations, and Milkey intended for Sutton to rely on her representations.

38. If Burlington is correct that the orders are fraudulent and that Burlington is not responsible for these orders, then it is clear that Milkey acted with fraudulent intent *vis a vis* Sutton Creations.

39. Sutton Creations relied to its detriment on Milkey and Devin Industries' representations, leading to losses in an amount to be proven at trial, but now believed to exceed $316,000.00.

## PRAYER FOR RELIEF

WHEREFORE, Sutton Creations, Inc. respectfully requests that this Court enter judgment:

(a) On the First Claim For Relief, requiring Galihad Enterprises Ltd. to account for its share of the losses sustained by Sutton Creations herein, including without limitation the costs of defense.

(b) On the Second Claim For Relief, requiring Galihad Enterprises Ltd. to account for its share of the losses sustained by Sutton Creations herein, including without limitation the costs of defense, together with punitive damages in an amount to be determined at trial.

(c) On the Third Claim For Relief, a money judgment against Burlington in an amount to be determined at trial, now believed to exceed $811,500.00

(d) On the Fourth Claim For Relief, a money judgment in an amount to be determined at trial, but now believed to exceed $316,830.

(e) On all claims for relief, granting such other and further relief as may be just and proper.

Dated: March 31, 2008                               MATALON & SHWEKY P.C.

                                                    By: _____S/_____
                                                    Joseph Lee Matalon (JLM-6117)
                                                    Barbara R. Shweky (BRS-7200)
                                                    450 Seventh Avenue, Suite 1409
                                                    New York, New York 10123
                                                    (212) 244-9000
                                                    *Attorneys for Third-Party Plaintiff*
                                                    *Sutton Creations, Inc.*