UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
GRANVIA TRADING, LTD.,                          :
                                                :
            Plaintiff,                          :
                                                :
    -versus-                                    :
                                                :
SUTTON CREATIONS, INC.,                         :
                                                :
            Defendant/Third-Party Plaintiff,    :
    - versus-                                   :
                                                :  Case No.: 08 CV 00580 (LBS)
GALIHAD ENTERPRISES LTD., BURLINGTON            :
COAT FACTORY WAREHOUSE CORPORATION,             :
SHERRY MILKEY AND DEVIN INDUSTRIES, LLC.,       :
                                                :
            Third-Party Defendant.              :
------------------------------------------------------------------X

## THIRD-PARTY DEFENDANT, BURLINGTON COAT FACTORY WAREHOUSE CORPORATION'S ANSWER TO THE THIRD-PARTY COMPLAINT & CROSS-CLAIM

Third-Party Defendant, Burlington Coat Factory Warehouse Corporation ("Burlington") by its attorneys, Lazarus & Lazarus, P.C., as for its answer to the Third-Party Complaint of Defendant/Third-Party Plaintiff, Sutton Creations, Inc. ("Sutton") (the "Complaint") and Cross-Claim against Galihad Enterprises, Ltd., Sherry Milkey and Devin Industries, LLC. (the "Co-Defendants"), respectfully sets forth, represents and alleges:

1.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph of the Complaint marked and numbered 1, except specifically denies that any act, conduct, or omission of Burlington renders Burlington liable to any party herein for any claim or cause asserted in the Complaint, and further avers that said paragraph is improperly pleaded and is not in conformity with the Federal Rules of Civil Procedure.

2.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph of the Complaint marked and numbered 2.

3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph of the Complaint marked and numbered 3.

4. Admits the allegations set forth in the paragraph of the Complaint marked and numbered 4.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph of the Complaint marked and numbered 5.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph of the Complaint marked and numbered 6.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph of the Complaint marked and numbered 7, except refers to the statute referenced therein for the content and meaning thereof.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph of the Complaint marked and numbered 8, except refers to the statute referenced therein for the content and meaning thereof, and otherwise avers that said paragraph sets forth a legal conclusion as to which Burlington need not plead, except specifically denies that any act, conduct or omission of Burlington renders Burlington liable to any party herein for any claim or cause asserted in the Complaint.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph of the Complaint marked and numbered 9, except admits that Sutton, from time-to-time, transacted business with Burlington.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph of the Complaint marked and numbered 10, except refers to the documents referenced therein for the content thereof.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph of the Complaint marked and numbered 11.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph of the Complaint marked and numbered 12, except admits that Sutton from time to time transacted business with Burlington.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph of the Complaint marked and numbered 13.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph of the Complaint marked and numbered 14.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph of the Complaint marked and numbered 15 as to any party except Burlington, and as to Burlington specifically denies that any act, conduct, or omission of Burlington renders Burlington liable to any party herein for any claim or cause asserted in the Complaint irrespective of contact between representatives of Sutton and Burlington, except admits that no bona fide orders subject of the Complaint were at any time issued or, in law or in fact, in existence.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph of the Complaint marked and numbered 16, except specifically denies that any act, conduct, or omission of Burlington renders Burlington liable to any party herein for any claim or cause asserted in the Complaint.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph of the Complaint marked and numbered 17, except refers to the pleadings served and filed herein referenced in said paragraph.

18. Pleads to each and every allegation set forth in the paragraph of the Complaint marked and numbered 18 as hereinbefore alleged herein.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph of the Complaint marked and numbered 19,

    except specifically denies any bona fide order subject of the Complaint were at any time issued by Burlington, or in, law or in fact, in existence.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph of the Complaint marked and numbered 20.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph of the Complaint marked and numbered 21.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph of the Complaint marked and numbered 22.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph of the Complaint marked and numbered 23.

24. Pleads to each and every allegation set forth in the paragraph of the Complaint marked and numbered 24 as hereinbefore alleged herein.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph of the Complaint marked and numbered 25.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph of the Complaint marked and numbered 26.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph of the Complaint marked and numbered 27.

28. Pleads to each and every allegation set forth in the paragraph of the Complaint marked and numbered 28 as hereinbefore alleged herein.

29. Denies each and every allegation set forth in the paragraph of the Complaint marked and numbered 29, except admits that Tara Newhall was an employee of

       Burlington, and specifically denies that any act, conduct, or omission of Burlington renders Burlington liable to any party herein for any claim or cause asserted in the Complaint.

30. Denies each and every allegation set forth in the paragraph of the Complaint marked and numbered 30.

31. Denies each and every allegation set forth in the paragraph of the Complaint marked and numbered 31.

32. Denies each and every allegation set forth in the paragraph of the Complaint marked and numbered 32.

33. Denies each and every allegation set forth in the paragraph of the Complaint marked and numbered 33.

34. Denies each and every allegation set forth in the paragraph of the Complaint marked and numbered 34.

35. Pleads to each and every allegation set forth in the paragraph of the Complaint marked and numbered 35 as hereinbefore alleged herein.

36. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph of the Complaint marked and numbered 36.

37. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph of the Complaint marked and numbered 37.

38. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph of the Complaint marked and numbered 38, except specifically denies that any act, conduct, or omission of Burlington renders Burlington liable to any party herein for any claim or cause asserted in the Complaint.

39. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph of the Complaint marked and numbered 39.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

40. Upon information and belief this Court lacks subject matter over the claims causes of actions asserted by Plaintiff herein.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

41. Plaintiff's claims against Defendant fail to state a claim upon which relief can be granted.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

42. Plaintiff's Claims are barred by the Statute of Frauds.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

43. Plaintiff lacks standing to assert the claims and causes set forth in the Complaint

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

44. Plaintiff's claims are barred by Doctrine of Unclean Hands.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

45. The Third Party Complaint fails to plead fraud as required by the Federal Rules of Civil Procedure.

## AS AND FOR A FIRST CROSS-CLAIM AGAINST ALL CO-DEFENDANTS

46. This Court has supplemental jurisdiction over this third-party cross-claim pursuant to 28 U.S.C. 1367(a).

47. Burlington repeats and realleges each and every prior allegation hereof as if set forth at length herein.

48. In the event that a determination is made that Burlington is liable to Third Party Plaintiff herein, than such liability is solely and only as a result and was immediately and proximately caused by the culpable conduct of the Co-Defendants on the Third Party Complaint herein.

49. Accordingly, and in the event of such a determination of liability, than Burlington is entitled, in law and in fact, to judgment over against the Co-Defendants on the Third Party Complaint herein for the full amount of such liability.

**WHEREFORE** Third-Party Defendant, Burlington coat Factory Warehouse Corporation, respectfully demands *(I)* judgment dismissing the Third-Party Complaint of Defendant/ Third-Party Plaintiff, Sutton Creations, Inc.; and *(ii)* judgment against the Co-Defendants on the Third Party Complaint; and *(iii)* such other and further relief as this Court deems just and proper.

Dated: May 19, 2008
    New York, New York

        **LAZARUS & LAZARUS, P.C.**
        *Attorneys for Third- Party Defendant*
        BURLINGTON COAT FACTORY
        WAREHOUSE CORPORATION

        By: _____
        HARLAN M. LAZARUS (HML 0268)
        240 Madison Avenue
        New York, New York 10016
        (212) 889-7400

To:    **MATALON & SHWEKY, P.C.**
       450 Seventh Avenue, Suite 1409
       New York, New York 10123
       **Att: JOSEPH LEE MATALON**

To:    **LAW OFFICES OF JONATHAN Y. SUE**
       1220 Broadway, Suite 502
       New York, New York 10001
       **Att: JONATHAN Y. SUE**

*To:*   **GALIHAD ENTERPRISES LTD.**
266 West 37th Street, 9th Floor
New York, New York 10018


*To:*   **DEVIN INDUSTRIES, LLC.**
252 West 38th Street
New York, New York 10018


*To:*   **SHERRY MILKEY**
c/o Devin Industries, LLC.
252 West 38th Street
New York, New York 10018

-8-

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
GRANVIA TRADING, LTD.                                       :
                                                            :
                 Plaintiff,                                 :
    -versus-                                                :
                                                            :
SUTTON CREATIONS, INC.,                                     :
                                                            :
                 Defendant/Third-Party Plaintiff,           :
    - versus-                                               :  Case No.: 08 CV 00580 (LBS)
GALIHAD ENTERPRISES LTD., BURLINGTON                        :
COAT FACTORY WAREHOUSE CORPORATION,                         :
SHERRY MILKEY AND DEVIN INDUSTRIES, LLC.,                   :
                                                            :
                 Third-Party Defendant.                     :
------------------------------------------------------------X

## THIRD-PARTY DEFENDANT, BURLINGTON COAT FACTORY WAREHOUSE CORPORATION'S ANSWER TO THE THIRD PARTY COMPLAINT AND CROSS-CLAIM

LAZARUS & LAZARUS, P.C.
*Attorneys for Burlington Coat Factory Warehouse Corporation*
240 Madison Avenue, 8th Floor
New York, New York 10016
Tel. (212) 889-7400