MATALON ♦ SHWEKY ♦ ELMAN
Joseph Lee Matalon
Barbara R. Shweky
450 Seventh Avenue, Suite 1409
New York, New York 10123
(212) 244-9000
*Attorneys for Defendant/Third-Party Plaintiff*
*Sutton Creations, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

GRANVIA TRADING LTD.,

                Plaintiff,

-against-

SUTTON CREATIONS, INC.
d/b/a SUTTON CREATIONS,

                Defendant.
------------------------------------------------------------------------X
------------------------------------------------------------------------X

SUTTON CREATIONS, INC.,

                Third-Party Plaintiff,

    -against-

GALIHAD ENTERPRISES LTD., BURLINGTON COAT
FACTORY WAREHOUSE CORPORATION,
SHERRY MILKEY, and DEVIN INDUSTRIES, LLC,

                Third-Party Defendants.
------------------------------------------------------------------------X

08 CV 00580 (LBS)

DEFENDANT/THIRD-PARTY
PLAINTIFF SUTTON
CREATIONS INC.'S
<u>RULE 26(a)(1) DISCLOSURES</u>

Pursuant to Federal Rule of Civil Procedure 26(a)(1), Defendant/Third-Party Plaintiff Sutton Creations, Inc. ("SCI"), by its attorneys, make the following initial disclosures. The disclosures are based on information reasonably available to SCI at this date. SCI reserves the right to supplement these disclosures as more information becomes available. SCI makes these disclosures without waiving any applicable privileges or immunities.

A.     **Rule 26(a)(1)(A) Disclosures**

The name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information:

1.   Gary Silverstein: receipt from third-party defendant Sherry Milkey ("Milkey") of purchase orders from third-party defendant Burlington Coat Factory Warehouse Corporation ("Burlington"); industry custom and practice regarding order generation; Milkey's representations that they were legitimate, firm orders; apparent legitimacy of the purchase orders; SCI's reasonable reliance on Milkey's representations; Burlington's assertions that it had no knowledge of the orders and suggestion they were fraudulently generated; Burlington's refusal to accept delivery or pay for the orders; efforts by SCI to get Burlington to accept the merchandise; value of the goods on the date of the alleged breach of contract with plaintiff Granvia Trading Ltd. ("Granvia").

Gary Silverstein is an employee of SCI Creations, Inc., 291 Broadway, New York, New York. Mr. Silverstein is represented by SCI in connection with this litigation. All communications to Mr. Silverstein should be directed to SCI's undersigned counsel.

2.   Abraham Sutton, President of SCI: receipt from Milkey of purchase orders from Burlington; apparent legitimacy of the purchase orders; industry custom and practice regarding order generation; value of the goods on the date of the alleged breach of contract with Granvia; approved vendor status with Burlington.

Mr. Sutton is represented by SCI in connection with this litigation. All communications to Mr. Sutton should be directed to SCI's undersigned counsel.

3. Tara Newhall, formerly Vice President and Divisional Merchandise Manager of Burlington: her transmission of the purchase orders to Milkey; process of generating the orders; her authority within Burlington.

4. Jack Moore, President of Merchandise Planning, Advertising and Marketing of Burlington: Burlington's assertions that it had no knowledge of the orders and suggestion that they were fraudulently generated; Burlington's refusal to accept delivery or pay for the orders; efforts by SCI to get Burlington to accept the merchandise.

5. Sherry Milkey: her procurement of the purchase orders; forwarding of e-mails containing the purchase orders to SCI; her representations to SCI that these were legitimate, firm orders from Burlington; her failure to obtain the information and confirmations from Burlington required to initiate the delivery and payment process.

Milkey's last known residence address is 757 Bradford Terrace, West Chester, Pennsylvania. Milkey's last known business address is Devin Ind., 252 West 38th Street, 8th floor, New York, New York 10018.

6. Mark Weber: President of Galihad Enterprises Ltd.: SCI's reasonable reliance on Milkey's representations; Milkey's failure to obtain the information and confirmations from Burlington required to initiate the delivery and payment process; value of the goods on the date of the alleged breach of contract; industry custom and practice regarding order generation.

Weber's business address is c/o Galihad Enterprises Ltd., 266 West 37th Street, 9th Floor, New York, New York 10018.

SCI also believes that persons employed by Granvia have discoverable information relating to its failure to dispose of the goods and mitigate its losses, and the value of the goods on the date of the alleged breach of contract.

B.     **Rule 26(a)(1)(B) Disclosures**

A copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment:

1. Purchase orders from Burlington

2. Electronic mail between Milkey and Tara Newhall

3. Electronic mail and correspondence between Milkey and SCI

4. Electronic mail and correspondence between Gary Silverstein and Burlington

C.     **Rule 26(a)(1)(C) Disclosures**

A computation of any category of damages claimed by the disclosing party, making available for inspection and coping under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered:

SCI seeks a money judgment against Burlington for the full purchase price of the orders ($811,500) plus incidental and other damages for Burlington's wrongful refusal to accept delivery and pay for the goods, in breach of contract.

SCI seeks a money judgment against Milkey and Devin Industries for the losses sustained in reliance on their fraudulent representations, in an amount believed to exceed $316,000.

To the extent that SCI is in possession of any documents upon which a computation of such damages is based, SCI will produce or make available for inspection and copying such documents in a manner mutually agreed by the parties.

D.     **Rule 26(a)(1)(D) Disclosures**

For inspection and copying under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

   SCI is not aware of any responsive documents.

Dated: July 17, 2008

                Respectfully submitted,

                MATALON ♦SHWEKY ♦ ELMAN

                By: _____S/_____
                Joseph Lee Matalon
                Barbara R. Shweky
                450 Seventh Avenue, Suite 1409
                New York, New York 10123
                (212) 244-9000
                *Attorneys for Third-Party Plaintiff*
                *Sutton Creations, Inc.*

To:

LAW OFFICES OF JONATHAN Y. SUE
1220 Broadway, Suite 502
New York, New York 10001
*Attorneys for Plaintiff Granvia Trading Ltd.*

LAZARUS & LAZARUS, P.C.
240 Madison Avenue, 8h Floor
New York, New York 10016
*Attorneys forThird-Party Defendant Burlington Coat Factory Warehouse Corporation*